# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2015 Term**

_____

**No. 14-0146**

_____

**FILED**

**April 9, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID BALLARD, WARDEN,
MOUNT OLIVE CORRECTIONAL COMPLEX;
AND JIM RUBENSTEIN, COMMISSIONER,
WEST VIRGINIA DIVISION OF CORRECTIONS,**
Respondents Below, Petitioners

**v.**

**RICHARD LEE HUNT, JR.,**
Petitioner Below, Respondent

_____

**Appeal from the Circuit Court of Calhoun County
The Honorable Thomas C. Evans, III, Judge
Case No. 06-C-22**

**REVERSED**

_____

**Submitted: March 10, 2015
Filed: April 9, 2015**

Patrick Morrisey,                                                G. Ernest Skaggs, Esq.
Attorney General                                               Skaggs & Skaggs
Shannon Frederick Kiser,                                 Fayetteville, West Virginia
Assistant Attorney General                            Counsel for the Respondent
Charleston, West Virginia
Counsel for the Petitioners

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**JUSTICE LOUGHRY, joined by CHIEF JUSTICE WORKMAN, concurs, in part, and dissents, in part, and reserves the right to file a separate Opinion.**

**SYLLABUS BY THE COURT**

1. "Collateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment." Syl. pt. 2, *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

2. The opinion evidence of an expert witness proffered by the State in a criminal prosecution, merely to show that the accused has the character trait of a pedophile under the *Diagnostic and Statistical Manual of Mental Disorders* of the American Psychiatric Association, is inadmissible pursuant to Rule 404(a) of the *West Virginia Rules of Evidence* to prove that on a particular occasion the accused acted in accordance with that character trait.

3. "Errors involving deprivation of constitutional rights will be regarded as harmless only if there is no reasonable possibility that the violation contributed to the conviction." Syl. pt. 20, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

**Ketchum, Justice**:

The petitioners, the Warden of the Mount Olive Correctional Complex (the "Warden") and the Commissioner of the West Virginia Division of Corrections (the "Commissioner"), appeal from the January 21, 2014, order of the Circuit Court of Calhoun County (the "habeas court") which granted habeas relief to the respondent, Richard Lee Hunt, Jr. ("Hunt"). The habeas court vacated Hunt's convictions and sentence for sexual abuse in the first degree and sexual abuse by a custodian and granted Hunt a new trial.

Hunt's convictions concerned offenses committed against an eleven year old boy. The sole basis for the relief granted by the habeas court was the State's references to Hunt during the underlying trial as a pedophile. According to the habeas court, the references, made by the State's expert witness (and by the prosecutor), constituted inadmissible character evidence and denied Hunt the right to a fair trial.

We find that the references to pedophilia, while improper, were harmless error. The appendix record before us includes a transcript of Hunt's underlying trial. A review thereof makes clear that the evidence of the State overwhelmingly established Hunt's guilt of the crimes charged.

1

Accordingly, the January 21, 2014, order of the habeas court is reversed, and Hunt's convictions and sentence are reinstated.

# I.
## Factual and Procedural History

On May 4, 1999, a Calhoun County grand jury returned a four-count indictment charging Hunt with sex offenses against A. K., an eleven year old male.[1] Counts one and two alleged that Hunt committed sexual abuse in the first degree against A. K., in violation of *W.Va. Code*, 61-8B-7 [1984]. Counts three and four alleged that Hunt committed sexual abuse by a custodian against A. K. in violation of *W.Va. Code*, 61-8D-5(a) [1998].

The indictment alleged that the sexual offenses occurred between September 1998 and December 1998. Hunt at that time was twenty-four years old and worked an extensive, evening newspaper route which included various rural areas. Hunt drove the route in his 1993 Ford Festiva and delivered the newspapers throughout the night. According to the State, Hunt invited A. K. to join him from time to time. Hunt allegedly committed the sexual offenses against A.K. in the car.

---

[1] This Court follows its past practice in sensitive matters and shall refer to the names of certain individuals herein by initials. *See State v. Jason H.*, 215 W.Va. 439, 441 n. 2, 599 S.E.2d 862, 864 n. 2 (2004). *See also* Rule 40(e), *Rules of Appellate Procedure West Virginia Supreme Court of Appeals*.

Hunt's trial began on May 16, 2000, and concluded three days later. During opening statements, the prosecutor referred to Hunt as a pedophile. The prosecutor further stated, during opening statements, that Hunt "has a lustful disposition toward young children" and that, "consistent with being a pedophile," Hunt participated in only the minimum amount of therapy and counseling while incarcerated for a previous sexual offense involving a young girl.

The State called A. K., thirteen years old at the time of trial, who testified that he met Hunt in September 1998; that Hunt sexually abused him in the car with Hunt's penis while on the newspaper route; and that, during a telephone call initiated by Hunt to A. K., Hunt asked, "When are we gonna have sex again?" A. K.'s father, Michael K., testified that he overheard the telephone conversation. The State presented evidence that A. K.'s parents, Michael K. and Denise K., reported their suspicions that A. K. had been sexually abused by Hunt to the State Police. Moreover, A. K.'s parents took A. K. to a psychologist, Michael Carter, for treatment and counseling. In addition, the State presented evidence that Hunt had been convicted upon a plea of guilty, and was imprisoned, for the 1994 sexual abuse of his nine year old stepsister.

Finally, the State's evidence included the testimony of Lonnie Kishbaugh, who testified as an expert in the treatment and counseling of sex offenders. Hunt had been under

Kishbaugh's counseling at the Denmar Correctional Center in Hillsboro, West Virginia, during Hunt's incarceration concerning the abuse of his stepsister. Kishbaugh discussed the term *pedophilia* for the jury and indicated that Hunt had undergone minimal counseling while at Denmar. Kishbaugh further testified that there is "a diagnostic *impression* on file at Denmar" (emphasis added) stating that Hunt is a pedophile.[2] Kishbaugh's testimony was allowed by the trial court over Hunt's objection. During the State's closing, the prosecutor referred to the minimal counseling and the diagnostic *impression* that Hunt is a pedophile.

Hunt took the stand at trial and denied committing any offenses against A. K. In support, Hunt testified that various people accompanied him and A. K. on the newspaper route and that, consequently, he had never been alone with A. K. In addition, Hunt asserted that A. K. was often mistreated by A. K.'s father and that A. K. had been pressured at home into making false statements against Hunt. Finally, acknowledging the prior conviction concerning his stepsister, and his resulting registration as a sex offender, Hunt denied that the offense against his stepsister took place.

---

[2] In discussing the term *pedophilia*, Kishbaugh cited the *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, of the American Psychiatric Association. Both the 1994 Fourth Edition and the 2000 Revised Fourth Edition set forth diagnostic criteria for pedophilia. Among the criteria is the following, referenced in Kishbaugh's testimony: "Over a period of at least 6 months, recurrent, intense sexually arousing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child or children (generally age 13 years or younger).

The jury found Hunt guilty on all four counts: two counts of sexual abuse in the first degree and two counts of sexual abuse by a custodian. On July 28, 2000, Hunt was sentenced to serve consecutive terms in the penitentiary. Hunt's direct appeal to this Court was subsequently refused.

## II.
## The Habeas Corpus Proceeding

On September 27, 2006, Hunt filed a *pro se* petition for a writ of habeas corpus in the Circuit Court of Calhoun County (the "habeas court"). An amended petition was filed after he was appointed counsel. Hunt alleged that his federal and State due process rights were violated because of unfair prejudice resulting from the references to him, at trial, as a pedophile.[3]

In September 2009, the habeas court conducted an omnibus hearing. Thereafter, by order entered on January 21, 2014, the court granted relief and vacated Hunt's convictions and sentence.

---

[3] U.S. Const. amend. V and amend. XIV provide that no person shall be deprived of life, liberty or property without due process of law. Similarly, W.Va. Const. Art. III, § 10, provides that no person shall be deprived of life, liberty or property without due process of law.

The sole basis for the habeas court's ruling concerned the testimony of Kishbaugh, (as well as the statements of the prosecutor) that Hunt is a pedophile. The habeas court determined that Kishbaugh's testimony constituted inadmissible character evidence under Rule 404(a) of the *West Virginia Rules of Evidence*.[4] The January 21, 2014, order states:

> To be diagnosed as a "pedophile" is not evidence of a prior bad act or crime but evidence of the character (propensity) of the Petitioner to engage in particular conduct. * * * This evidence was also highly prejudicial to the Petitioner and not necessary for the legitimate purposes of the State. The State had already proven Petitioner's prior conviction for sexual abuse of a child [and] the fact that Petitioner was imprisoned for the prior offense.

A stay of Hunt's release from prison, pending this appeal, has been granted. The Warden and the Commissioner ask this Court to reverse the January 21, 2014, order and reinstate Hunt's convictions and sentence.

---

[4] Rule 404(a) of the *West Virginia Rules of Evidence* provides, in part:

> (a) *Character evidence generally*. - Evidence of a person's character or a trait of character is not admissible for the purpose of proving that he or she acted in conformity therewith on a particular occasion[.]

It should be noted that Rule 404 of the *West Virginia Rules of Evidence* was amended in 2014. The 2014 version of the Rule is not applicable in this case.

### III.
### Standards of Review Concerning Habeas Corpus

Syllabus point 1 of *Mathena v. Haines, Warden*, 219 W.Va. 417, 633 S.E.2d 771

(2006), states:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

*Accord* syl. pt. 1, *Ballard, Warden, ex rel. Mount Olive Correctional Center v. Meckling*, No.

14-0245 (W.Va. April 9, 2015); syl. pt. 1, *Ballard, Warden v. Dilworth*, 230 W.Va. 449, 739

S.E.2d 643 (2013). *See W.Va. Code*, 53-4A-9 [1967] (providing for judicial review), of the

*West Virginia Post-Conviction Habeas Corpus Act*.

### IV.
### Discussion

The admission in evidence during Hunt's underlying trial of his conviction of the 1994

sexual abuse of his nine year old stepsister is not contested in this appeal. Instead, the issue

before this Court concerns the testimony of the State's expert witness, Lonnie Kishbaugh,

(as well as the statements of the prosecutor) that Hunt is a pedophile. The appendix record

indicates that both the 1994 conviction and Kishbaugh's references to Hunt as a pedophile

were admitted at trial under Rule 404(b) of the *West Virginia Rules of Evidence*. Rule 404(b)

7

states:

> (b) *Other crimes, wrongs, or acts.* - Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.[5]

Sexual offenses against children, however, are in a special category in relation to Rule 404(b), as this Court emphasized in our leading case, *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In *Edward Charles L.*, the defendant was convicted of two counts of sexual assault in the first degree and two counts of sexual abuse in the first degree. The victims were the defendant's four year old twin son and daughter. At trial, the State was permitted to make reference to various unrelated sexual acts of the defendant. Some of the unrelated acts were committed in front of the twins and included: masturbating in front of his son, exposing the children to pornographic magazines and making the children listen to telephone calls the defendant made to sex clubs. Noting that those acts occurred close in time to the offenses

---

[5] The State argued that the diagnostic impression that Hunt is a pedophile was admissible under Rule 404(b) to show motive and intent.

charged, this Court, in *Edward Charles L.*, determined that the acts were admissible under

*West Virginia Rule of Evidence* 404(b), to show absence of mistake or accident. Moreover,

this Court concluded that the acts were "so interwoven with [the defendant's] pattern of

conduct toward the children that they are part of the *res gestae* of the crimes charged." 183

W.Va. at 649, 398 S.E.2d at 131.

In *Edward Charles L.*, the State was also permitted to make reference to unrelated

sexual acts of the defendant which indirectly involved the children, such as the defendant

ejaculating on underwear having been worn by his daughter. Considering those acts, along

with the sexual acts committed in front of the children, this Court found that the probative

value thereof outweighed any assertion of unfair prejudice. Articulating a "lustful

disposition exception" to the general exclusion of such evidence, syllabus point 2 of *Edward*

*Charles L.* states, in part:

> *Collateral acts or crimes* may be introduced in cases involving child
> sexual assault or sexual abuse victims to show the perpetrator had a lustful
> disposition towards the victim, a lustful disposition towards children generally,
> or a lustful disposition to specific other children provided such evidence
> relates to incidents reasonably close in time to the incident(s) giving rise to the
> indictment.

(Emphasis added) *Accord* syl. pt. 3, *State v. Parsons*, 214 W.Va. 342, 589 S.E.2d 226

(2003); syl. pt. 3, *State v. Lola Mae C.*, 185 W.Va. 452, 408 S.E.2d 31 (1991). *See* R. P.

Davis, Annotation, *Admissibility, in Prosecution for Sexual Offense, of Evidence of Other Similar Offenses*, 77 A.L.R.2d 841 (1961).[6]

*Edward Charles L.* clearly establishes that a lustful disposition may be shown by collateral acts or crimes. It does not stand for the proposition that opinion evidence or comments by a prosecutor as to pedophilia are admissible to show a defendant likely engaged in such conduct on a particular occasion.

In Hunt's underlying trial, the jury was given a limiting instruction stating (1) that other acts committed by Hunt were not admitted as proof of his guilt under the indictment, (2) that the evidence of prior sexual abuse could only be considered to show that Hunt had a lustful disposition toward children, and (3) that any such evidence was not relevant to Hunt's character or to whether he is a bad person. Nevertheless, while Hunt's conviction of the 1994 sexual abuse of his nine year old stepsister was properly admitted in conformity with *Edward Charles L.* and Rule 404(b), our case law has yet to address the situation where, in a prosecution for sexual offenses committed against a child, an expert witness called by

---

[6] The unrelated acts of the defendant in *Edward Charles L.* also included the defendant's frequent patting of the front of his pants and his masturbation after having had sex with his wife. This Court found the admission of those matters to be error because they had no relation to the defendant's conduct toward the children. However, this Court concluded, in *Edward Charles L.*, that, in view of the conclusive effect of the remaining evidence and the lack of unfair prejudice to the defendant, the error was harmless.

the State opined that the accused is a pedophile.

As a preliminary matter, we note that the admissibility of testimony by an expert is a matter within the discretion of the trial court. *State v. McKinley*, 234 W.Va. 143, 764 S.E.2d 303, 322 (2014); *State v. Black*, 227 W.Va. 297, 306-07, 708 S.E.2d 491, 500-01 (2010). *See* Rule 702 of the *West Virginia Rules of Evidence*. Kishbaugh was employed as a therapist at the Denmar Correctional Center. His qualifications for assessing sex offenders was largely based on practical experience at Denmar. Although this Court finds no abuse of discretion in allowing Kishbaugh to testify, Kishbaugh was not a licensed psychologist and had not completed the course work required for a Masters Degree in psychology. Moreover, the diagnostic impression of Hunt on file at Denmar, referred to during Kishbaugh's testimony, was not included in the appendix record before this Court. Kishbaugh's testimony at trial relating to Hunt was rather cursory and consisted largely of discussing the general nature of pedophilia.

Many of the cases from other jurisdictions concerning the terms *pedophile* and *pedophilia* are limited, in context, to the sentencing stage in a criminal prosecution or to a proceeding seeking to commit an offender to a mental health facility. However, in the circumstances now before us, the more reasoned view is that the use of those terms by the prosecution, merely to establish a character trait of the accused, is improper, but subject to

11

a harmless error analysis. *See State v. Person*, 20 Conn.App. 115, 564 A.2d 626, 631 (1989) (The defendant's proffer of expert testimony on whether he fit the profile of a pedophile was properly rejected, with the observation that a majority of the courts that have considered the issue [of showing various profiles] "have rebuffed attempts on the part of the state as well as the defendant to present testimony of this kind."); *State v. Floray*, 715 A.2d 855, 858 n. 8 (Del.Super. 1997) (citing *Person*, *supra*, for the same principle); *Phillips v. State*, 589 So.2d 1360, 1362 (Fla.App.1st Dist. 1991) (The use of pedophile profile testimony as substantive evidence of guilt is reversible error, but a harmless error analysis may be applied in certain cases.); *Knight v. State*, 206 Ga.App. 529, 426 S.E.2d 1 (1992) ("There is no authority for the admission of an expert opinion that the defendant who is on trial for sex crimes against a child is or is not a pedophile."); *State v. Hester,* 114 Idaho 668, 760 P.2d 27, 33 (1988) ("Using evidence of a person's characteristics in the prosecution's case in chief simply to support the ultimate conclusion that he acted in conformance with those characteristics in committing a crime, is not permissible."); *Dyer v. Commonwealth*, 816 S.W.2d 647, 654 (Ky. 1991), *overruled on other grounds by Baker v. Commonwealth*, 973 S.W.2d 54 (Ky. 1998) (Concepts such as "pedophile" have no bearing on a criminal case, except in relation to the accused's mental condition at the time of the alleged offense, and may not be used to convict or acquit without further testimony from an expert qualified in the field "positively establishing that the condition is a recognized scientific entity, and then tying the accused to this mental state."); *State v. Nelson*, 331 S.C. 1, 501 S.E.2d 716, 719

12

(1998) (citing cases from several states that have rejected character related testimony or evidence showing that the defendant is a pedophile).[7]

Upon those authorities and the facts before us, we hold that the opinion evidence of an expert witness proffered by the State in a criminal prosecution, merely to show that the accused has the character trait of a pedophile under the *Diagnostic and Statistical Manual of Mental Disorders* of the American Psychiatric Association, is inadmissible pursuant to Rule 404(a) of the *West Virginia Rules of Evidence* to prove that on a particular occasion the accused acted in accordance with that character trait. However, where such evidence is improperly admitted at trial, the error is subject to a harmless error analysis. In conjunction with our holding, we note that comments by the prosecutor on such evidence are improper, yet are also subject to a harmless error analysis.

Consequently, this Court is in agreement with the habeas court Judge that the prosecutor's comments and the opinion evidence as to pedophilia were not admissible under Rule 404(b) because they did not relate to collateral acts or crimes. They were solely related to a character trait to engage in wrongful conduct. Therefore, the testimony of Kishbaugh

---

[7] *See generally* Gregory G. Sarno, Annotation, *Admissibility of Expert Testimony as to Criminal Defendant's Propensity Toward Sexual Deviation*, 42 A.L.R.4th 937 (1985); Thomas M. Fleming, Annotation, *Negative Characterization or Description of Defendant, by Prosecutor During Summation of Criminal Trial, as Ground for Reversal, New Trial, or Mistrial - Modern Cases*, 88 A.L.R.4th 8 (1991).

and the comments by the prosecutor were erroneous.

Although the error was prejudicial to Hunt at trial, this Court is of the opinion that the prejudice was not unfair to the extent that Hunt should be granted a new trial. Our principles guiding a harmless error analysis are well settled. In *State v. Bowling*, 232 W.Va. 529, 542-43, 753 S.E.2d 27, 40-41 (2013), *cert. denied*, 134 S.Ct. 1772 (2014), this Court stated: "When the alleged error involves the infringement of a petitioner's constitutional rights, the burden is on the State to show that the error is harmless beyond a reasonable doubt." Moreover, as expressed in syllabus point 20 of *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974): "Errors involving deprivation of constitutional rights will be regarded as harmless only if there is no reasonable possibility that the violation contributed to the conviction." *Accord* syl. pt. 4, *State v. Jenkins*, 195 W.Va. 620, 466 S.E.2d 471 (1995).

The evidence of the State overwhelmingly established Hunt's guilt of the crimes charged. In addition to Hunt's prior conviction for the sexual abuse of his nine year old stepsister, the evidence included the telephone conversation during which Hunt asked A. K., "When are we gonna have sex again?" Hunt has not challenged that statement in this appeal. Hunt's extensive, evening newspaper route, which included rural areas, clearly provided him with opportunities to commit the offenses. According to A. K., he sustained bruises on his legs and buttocks caused by Hunt during those encounters.

14

Psychologist Michael Carter, who provided treatment and counseling to A. K., testified that A. K. exhibited "a severe level of trauma which is consistent with and would suggest that he had been molested." In addition, A. K.'s school counselor testified that, during the period in question, A. K. went from being social and outgoing to being easily emotional and suffering academically. The school counselor testified further: "And also at times he stated that he wanted to kill himself or hurt himself; and he also stated that he wanted to run away." Finally, the State produced evidence that in 1999, after the suspicions of sexual abuse against A. K. had been reported, Hunt went to A. K.'s home and began harassing him. The police were called, and Hunt was cited for trespassing.

In *State v. Rollins*, 233 W.Va. 715, 732, 760 S.E.2d 529, 546 (2014), this Court stated: "If a trial court has admitted 'bad character' evidence in error, a petitioner is only entitled to reversal if the error affected his substantial rights." *See* Rule 103(a) [1985] of the *West Virginia Rules of Evidence* ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."). *See also State v. McKinley*, 234 W.Va. 143, 764 S.E.2d 303, 314 (2014) (citing *Rollins*). In this case, the prosecutor's references and opinion testimony concerning pedophilia were absolutely unnecessary to establish Hunt's guilt. However, this error did not rise to the level of a constitutional violation or otherwise violate Hunt's substantial rights. This Court concludes that the error was harmless. *See* n. 6, *supra*.

15

## V.
## Conclusion

For the reasons stated above, the January 21, 2014, order of the habeas court is reversed, and Hunt's convictions and sentence are reinstated.

**Reversed.**

16