# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Patrick J. Meckling,**
**Petitioner Below, Petitioner**

**FILED**

**June 2, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0608** (Ohio County 16-C-128)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Patrick J. Meckling, pro se, appeals the June 1, 2016, order of the Circuit Court of Ohio County denying his petition for a writ of habeas corpus. Respondent Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Nic Dalton, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On the evening of July 13, 2007, petitioner and his longtime girlfriend ("victim") met at a bar in Wheeling, West Virginia. Following drinking and gambling at the bar, the victim did not want to leave with petitioner because she was violating a condition of her participation in drug court by being with him. Petitioner grabbed the victim's arm and demanded that she "get in [his] truck." The victim later attempted to get out of the vehicle, but petitioner "grabbed [her] hair." Thereafter, petitioner "punched [her] in the head a few times." Petitioner and the victim then went to her apartment where they smoked crack (purchased with the victim's money) and engaged in sexual intercourse. On the morning of July 14, 2007, the victim reported the incident to the police and filed a petition for a domestic violence protective order ("DVPO"). Petitioner was subsequently indicted for abduction with intent to defile and malicious assault.

At petitioner's October 29, 2007, trial, the victim testified that she sought a DVPO only to make her children "shut up" about her injuries and that the matter "got out way out of hand." However, once the State confronted the victim with her handwritten statements, she confirmed that the statements to the police were truthful. The State also introduced photographs of the victim's

1

injuries. When presented with the photographs, the victim testified that petitioner caused injuries to her arm and to her eye.[1]

During petitioner's testimony, he commented that the victim "bruises very, very easily." Petitioner further testified that the victim obtained the DVPO against him "just to keep [her] kids happy" and she "dropped" the DVPO a couple days later. Petitioner attempted to testify as to the precise outcome of that proceeding, but the State objected that the outcome was irrelevant to petitioner's criminal case. The circuit court sustained the State's objection. After petitioner's testimony, the defense rested its case as petitioner's attorney "[did]n't think the other witnesses showed up." The trial transcript does not reflect whether the other witnesses were subpoenaed.

Following trial, the jury convicted petitioner of abduction with intent to defile and misdemeanor battery, a lesser included offense of malicious assault. After the jury was released, the State filed a recidivist information against petitioner pursuant to West Virginia Code §§ 61-11-18 and 61-11-19. Petitioner admitted to his two prior felony offenses, but also filed a motion to dismiss the recidivist information on December 3, 2007. At the December 10, 2007, sentencing hearing, petitioner argued that a life recidivist sentence would be unconstitutionally disproportionate given that one of his prior felonies was a conviction for uttering. However, the circuit court found that the triggering offense under West Virginia Code §§ 61-11-18 and 61-11-19 (abduction with intent to defile) was a violent offense and that petitioner's other prior felony conviction was also for a violent offense (unlawful assault). Accordingly, by sentencing order entered on March 20, 2008, the circuit court denied petitioner's motion on the ground that a life recidivist sentence would not be unconstitutionally disproportionate. The circuit court sentenced petition to a life term of incarceration and to a concurrent sentence of one year of incarceration for his misdemeanor battery conviction. Petitioner subsequently petitioned this Court to review his convictions and life recidivist sentence, arguing that (a) petitioner did not receive a fair trial given that he was briefly placed in handcuffs in view of at least some of the jurors; and (b) petitioner's life recidivist sentence was unconstitutionally disproportionate. On May 22, 2008, this Court refused petitioner's appeal.

On March 15, 2009, petitioner filed a petition for a writ of habeas corpus in this Court that included the following claims: (1) the State coerced the victim into testifying falsely at trial based on her post-conviction recantation of her trial testimony; (2) petitioner's trial attorney provided ineffective assistance; and (3) petitioner's life recidivist sentence was unconstitutionally disproportionate. By order entered on May 13, 2009, this Court remanded the petition to the circuit court for appointment of counsel and an omnibus habeas corpus hearing. The circuit court appointed habeas counsel for petitioner, who filed an amended petition on February 26, 2010, raising the additional issue of whether petitioner did not receive a fair trial given that he was briefly placed in handcuffs in view of at least some of the jurors. Prior to any hearing being held, the circuit court vacated petitioner's sentences and granted him a new trial based on the additional issue raised in the amended petition. In its February 4, 2014, order granting habeas relief, the circuit court also reserved ruling on the constitutionality of petitioner's life recidivist sentence and

---

[1]The State also presented the testimony of two Wheeling police officers.

the status of the victim's post-conviction recantation of her trial testimony as newly discovered evidence (two issues on which petitioner's habeas attorney made additional arguments). The circuit court further stayed its ruling granting habeas relief to allow respondent time to appeal. Subsequently, in *Ballard ex rel. Mount Olive Correctional Center v. Meckling*, 235 W.Va. 109, 115, 772 S.E.2d 208, 214 (2015), this Court reversed the February 4, 2014, order granting petitioner's habeas petition on the ground that the circuit court failed to apply a prior holding that "a juror's brief view of a defendant in handcuffs is not sufficient to establish reversible error, nor grounds for a mistrial."

Subsequently, on May 14, 2015, petitioner filed a pro se motion requesting that the circuit court rule on the two claims on which it reserved ruling in its February 4, 2014, order. In an order entered on May 27, 2015, the circuit court first rejected petitioner's contention that his life recidivist sentence was unconstitutionally disproportionate in a ruling that reaffirmed its earlier determination at the December 10, 2007, sentencing hearing. Second, the circuit court found that the victim's post-conviction recantation of her trial testimony did not entitle petitioner to relief under the syllabus of *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979), which sets forth the standard for when a defendant is entitled to a new trial because of newly discovered evidence.

On May 2, 2016, petitioner filed the instant habeas petition raising the following claims: (1) there was insufficient evidence that petitioner committed abduction with intent to defile; (2) the State coerced the victim into testifying falsely at trial based on her post-conviction recantation of her trial testimony; (3) petitioner's trial attorney provided ineffective assistance; and (4) petitioner's life recidivist sentence was unconstitutionally disproportionate. By order entered on June 1, 2016, the circuit court denied the petition finding that "each of the grounds raised in the current [p]etition has been previously and finally adjudicated and/or waived by [p]etitioner."

Petitioner now appeals the circuit court's June 1, 2016, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner challenges the circuit court's finding that the grounds raised in his petition were previously adjudicated or waived in the previous habeas proceeding in *Meckling*. Respondent counters that the doctrine of res judicata, as enunciated by this Court in *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), bars petitioner's instant habeas petition. We agree with respondent.

Pursuant to syllabus point two of *Losh*, the doctrine of res judicata bars successive habeas petitions following an omnibus proceeding, which generally comprises of (1) appointment of

3

counsel; and (2) an evidentiary hearing. 166 W.Va. at 762, 277 S.E.2d at 608. However, petitioner's prior proceeding is somewhat unique in that, while no hearing occurred, petitioner received a full grant of habeas relief by the circuit court's February 4, 2014, order vacating his sentences and directing a new trial. Therefore, under the facts and circumstances of this case, we conclude that petitioner's prior proceeding in *Meckling* qualifies as an omnibus habeas corpus proceeding under syllabus point two of *Losh*.

"A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised[.]" *Id.* at 762, 277 S.E.2d at 608, syl. pt. 2. In *Meckling*, we reversed the circuit court's February 4, 2014, order vacating petitioner's sentences and directing a new trial. 235 W.Va. at 115, 772 S.E.2d at 214. Subsequently, Petitioner filed his May 14, 2015, motion requesting that the circuit court rule on the two claims on which it reserved ruling in its February 4, 2014, order. The circuit court responded to petitioner's request by entering its May 27, 2015, order (1) rejecting petitioner's contention that his life recidivist sentence was unconstitutionally disproportionate in a ruling that reaffirmed its earlier determination at the December 10, 2007, sentencing hearing; and (2) finding that the victim's post-conviction recantation of her trial testimony did not entitle petitioner to a new trial. Therefore, the record reflects that, to the extent that petitioner wanted further relief in his prior proceeding, he knew how to seek it and did so. We conclude that petitioner, with reasonable diligence, could have sought relief on all issues that he now alleges remain unresolved following his previous habeas proceeding and that, accordingly, the circuit court did not err in finding that "each of the grounds raised . . . has been previously and finally adjudicated and/or waived by [p]etitioner."

We note that, if petitioner believes that his habeas attorney failed to adequately develop certain claims in the prior proceeding, he may file a successive petition raising ineffective assistance of habeas counsel pursuant to syllabus point 4 of *Losh*, which sets forth exceptions to the doctrine of res judicata. 166 W.Va. at 762-63, 277 S.E.2d at 608. However, petitioner does not claim ineffective assistance of habeas counsel in the instant case. Therefore, we conclude that the circuit court did not abuse its discretion in denying the instant habeas petition.

For the foregoing reasons, we affirm the circuit court's June 1, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   June 2, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4