STATE OF WEST VIRGINIA

*v.*

DOUGLAS RAY HOUSTON *and*

DURWIN RAY LEONARD

(No. 14147)

Decided December 19, 1980.

*James M. Cagle* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *S. Clark Woodroe,* Assistant Attorney General, for defendant in error.

MILLER, JUSTICE:

We granted this appeal in order to determine whether the sentences of 30 years and 40 years, imposed on the defendants in these cases for robbery by violence, violates Article III, Section 5 of our Constitution relating to proportionality of sentences.[1]

Both of the defendants were convicted in the Circuit Court of Kanawha County of robbing a homeowner at pistol point and taking away certain items of valuable personal property. There is nothing contained in the record by way of presentence reports, or a transcript of the sentencing hearing, that would indicate on what factual basis the particular terms of the sentences were fixed.

We recognize that the statutory sentence for robbery by violence, W. Va. Code, 61-2-12, provides that upon conviction

---

[1] The defendants were tried jointly and the cases are considered together on this appeal. The material portion of Article III, Section 5 is:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence."

a defendant "shall be confined in the penitentiary not less than ten years."[2] We have held in Syllabus Point 5 of *State v. Chaffin*, 156 W. Va. 264, 192 S.E.2d 728 (1972), and Syllabus Point 2 of *State v. Slider*, 156 W. Va. 653, 196 S.E.2d 85 (1973), that:

> "The sentence for the crime of armed robbery must be for a definite term of not less than ten years and the imposition of an indeterminate sentence of from ten years to life for such crime constitutes error."[3]

Initially, the defendants urge us to declare the punishment provisions of the armed robbery statute *per se* unconstitutional as violating the cruel and unusual punishment provisions of our Constitution. We decline to do so in light of our settled case law upholding the constitutionality of this provision against the same challenge. *E.g., State ex rel. Vascovich v. Skeen*, 138 W. Va. 417, 76 S.E.2d 283 (1953), *cert. denied*, 346 U.S. 916, 98 L.Ed. 411, 74 S.Ct. 277; *Ex Parte Farmer*, 123 W. Va. 304, 14 S.E.2d 910 (1941); *State v. Newman*, 108 W. Va. 642, 152 S.E. 195 (1930); *Franklin v. Brown*, 73 W. Va. 727, 81 S.E. 405 (1914). The facial repugnancy of the statute rests in the fact that it contains no maximum limit of punishment. However, most courts which have considered open-ended sentencing

---

[2] W. Va. Code, 61-2-12, in its material part, provides:

"If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means, except as provided for in the succeeding paragraph of this section, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five nor more than eighteen years."

[3] In *State v. Cunningham*, 160 W. Va. 582, 236 S.E.2d 459 (1977), we recognized that the terms "armed" and "unarmed" robbery are not technically accurate under our robbery statute since the statutory language is cast in terms of robbery by violence—not armed robbery. We have also held that the imposition of a life sentence under the robbery by violence statute is legally permissible. *Lycans v. Bordenkircher*, 159 W. Va. 137, 222 S.E.2d 14, 17-18 (1975).

statutes have upheld the constitutionality of the statute as against claims of cruel and unusual punishment. *E.g.,* *Giblin v. United States,* 523 F.2d 42 (8th Cir. 1975), *cert. denied,* 424 U.S. 971, 96 S.Ct. 1470, 47 L.Ed.2d 739 (1976); *Donaldson v. Wyrick,* 393 F.Supp. 1041 (W. D. Mo. 1974); *Fields v. State,* 501 P.2d 1390 (Okla. Crim. App. 1972); *Seibert v. State,* 457 P.2d 790 (Okla. Crim. App. 1969); *Angle v. State,* 501 S.W.2d 99 (Tex. Crim. App. 1973); *Rodriguez v. State,* 509 S.W.2d 625 (Tex. Crim. App. 1974); *Albro v. State,* 502 S.W.2d 715 (Tex. Crim. App. 1973).

Except in the area of the death penalty,[4] the United States Supreme Court has been reluctant to strike down a punishment provision under the Eighth Amendment cruel and unusual punishment clause. A related approach is to utilize the concept of proportionality, which is embodied in the Eighth Amendment, to strike down a particular sentence. In *Rummel v. Estelle,* 445 U.S. 263, 271-72, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382, 389 (1980), the Court recognized that the Eighth Amendment does contain a proportionality element, but the Court refused to apply it in that case:

> "This Court has on occasion stated that the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime. See, e.g., Weems v. United States, 217 US 349, 367, 30 S Ct 544, 54 L Ed 793 (1910); Ingraham v. Wright, supra, 430 U.S. at 667, 51 L Ed 2d 711, 97 S Ct 1401 (dictum); Trop v. Dulles, 356 US 86, 100, 78 S Ct 590, 2 L Ed 2d 630 (1958) (plurality opinion)."

In Syllabus Point 8 of *State v. Vance,* ____ W. Va. ____, 262 S.E.2d 423 (1980), we recognized that our Constitution does contain an express proportionality principle:

> "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amend-

---

[4] *E.g., Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

ment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.' "

*Vance* relied on our earlier cases of *State v. Woodward,* 68 W. Va. 66, 69 S.E. 385 (1910), and *Martin v. Leverette,* 161 W. Va. 547, 244 S.E.2d 39 (1978), both of which acknowledged that our proportionality clause could cause an individual sentence to be struck down as disproportionate.

Nor are these our only cases where this Court has considered disproportionate sentences. In *Franklin v. Brown,* 73 W. Va. 727, 81 S.E. 405 (1914), a life sentence for robbery was challenged on habeas corpus. The Court concluded that it had neither sufficient facts nor the trial record that was necessary to resolve the questions, but did state:

> "Surely under our constitution fines so excessive, imprisonment so long, looking to the offense, as to shock our feelings of humanity, conscience, justice and mercy would be branded by this clause." 73 W. Va. at 730, 81 S.E. at 406.

In *State v. Newman,* 108 W. Va. 642, 152 S.E. 195 (1930), the defendant challenged the constitutionality of his twenty-five year sentence for robbery by violence. This Court reviewed the sentence and concluded under the facts of the case that it was not constitutionally disproportionate.

A number of courts have, as to specific sentences, considered whether they are disproportionate to the underlying offense and the facts surrounding the defendant's background. *E.g., Carmona v. Ward,* 576 F.2d 405 (2nd Cir. 1978), *cert. denied,* 439 U.S. 1091, 99 S.Ct. 874, 59 L.Ed.2d 58 (1979); *Faulkner v. State,* 445 P.2d 815 (Alaska 1968); *In Re Lynch,* 8 Cal.3d 410, 105 Cal. Rptr. 217, 503 P.2d 921 (1972); *People v. Keogh,* 46 Cal. App.3d 919, 120 Cal. Rptr. 817 (1975); *Cox v. State,* 203 Ind. 550, 181 N.E. 469 (1932); *People v. Lorentzen,* 387 Mich. 167, 194 N.W.2d 827 (1972); *State v. Pratt,* 36 Wis.2d 312, 153 N.W.2d 18 (1967); *see* Note, *Eighth Amendment Proportionality,* 7 Am. J. Crim. L. 253 (1979). In these cases, the courts acted on the basis that the

constitutional disproportionality principle made the particular sentence invalid.

In other cases, courts have achieved much the same result by finding that they have the inherent power to review the length of the sentence as a part of their power to review criminal appeals. *E.g., Bailey v. State,* 238 Ark. 210, 381 S.W.2d 467 (1964); *State v. Ledbetter,* 83 Idaho 451, 364 P.2d 171 (1961); *State v. Johnson,* 67 N.J. Super. 414, 170 A.2d 830 (1961); *Hudson v. State,* 399 P.2d 296 (Okla. Crim. App. 1965); *Commonwealth v. Green,* 396 Pa. 137, 151 A.2d 241 (1959); *State v. Fortes,* 114 R.I. 161, 330 A.2d 404 (1975); *McCleary v. State,* 49 Wis.2d 263, 182 N.W.2d 512 (1971).

In *State v. Newman,* 108 W. Va. 642, 152 S.E. 195 (1930), where this Court did review the sentence on a conviction for robbery by violence, it based its review not only on the proportionality clause of our Constitution, but also on "whether the trial court, under the facts and circumstances shown in this record, has abused its discretion in sentencing the prisoner to confinement for 25 years." 108 W. Va. at 647, 152 S.E. at 196-97.

One of the problems not often discussed in the cases in this area is that any meaningful appellate review must to a large degree be predicated on a sentencing record. We have in the past spoken about the value of a developed factual record in order to provide a meaningful judicial review. *E.g., In re Brown,* 164 W. Va. 234, 262 S.E.2d 444, 446 (1980); *State v. Gary,* 162 W. Va. 136, 247 S.E.2d 420, 421 (1978).

The scope of inquiry before sentencing occurs was addressed by the Illinois Supreme Court in *People v. Adkins,* 41 Ill.2d 297, 300-01, 242 N.E.2d 258, 260-61 (1968):

> "[T]he judge in determining the character and extent of punishment is not limited to considering only information which would be admissible under the adversary circumstances of a trial. While it must exercise care to insure the accuracy of information considered and to shield itself from what might be the prejudicial effect of improper materials (People v. Crews, 38 Ill.2d 331, 231 N.E.2d

451), 'the court is not confined to the evidence showing guilt, for that issue has been settled by the plea. The rules of evidence which ordinarily obtain in a trial where guilt is denied do not bind the court in its inquiry. It may look to the facts of the [crime], and it may search anywhere, within reasonable bounds, for other facts which tend to aggravate or mitigate the offense. In doing so it may inquire into the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, the stimuli which motivate his conduct, and, as was said in People v. Popescue, 345 Ill. 142, 177 N.E. 739, 77 A.L.R. 1199, the judge should know something of the life, family, occupation and record of the person about to be sentenced.' "

These guidelines are not materially different than those that are contained in W. Va. Code, 62-12-7[5], relating to the presentence report. Moreover, W. Va. Code, 62-12-7a, authorizes the court prior to pronouncing a felony sentence to have the defendant undergo diagnostic testing. The court is then required to be given a written report containing the results of such findings together with recommendations. The American Bar Association has since 1968 in its Approved Draft of A.B.A. *Standards*

---

[5] W. Va. Code, 62-12-7, states:

"When directed by the court, the probation officer shall make a careful investigation of, and a written report with recommendations concerning, any prospective probationer. Insofar as practicable this report shall include information concerning the offender's court and criminal record, occupation, family background, education, habits and associations, mental and physical condition, the names, relationship, ages and condition of those dependent upon him for support, and such other facts as may aid the court in determining the propriety and conditions of his release on probation. No person convicted of felony shall be released on probation until this report shall have been presented to and considered by the court. The court may in its discretion request such a report concerning any person convicted of a misdemeanor. A copy of all reports shall be filed with the board of probation and parole."

*Relating to Appellate Review of Sentences,* Section 2.3, recommended similar sentencing guidelines.[6]

It should be noted that the robbery by violence statute is one of the few criminal statutes in our jurisdiction that enables the court to set a determinate sentence without reference to any statutory maximum limit.[7] With the exception of the life recidivist statute discussed in *State v. Vance, supra,* we do not believe that the disproportionality principle can have any significant application other than to this type of sentencing statute.

From a procedural standpoint, where the defendant desires to challenge the length of his sentence for robbery

---

[6] "(a) The following items should be available for inclusion in the record on appeal:

(i) a verbatim record of the entire sentencing proceeding, including a record of any statements in aggravation or mitigation made by the defendant, the defense attorney and the prosecuting attorney, together with any testimony received of witnesses on matters relevant to the sentence, any instructions or comments by the court to the jury in cases where the jury participated in the sentencing decision, and any statements by the court explaining the sentence; (ii) a verbatim record of such parts of the trial on the issue of guilt, or the proceedings leading to the acceptance of a plea, as are relevant to the sentencing decision; (iii) copies of the presentence report, the report of a diagnostic facility, or any other reports or documents available to the sentencing court as an aid in passing sentence. The part of the record containing such reports or documents should be subject to examination by the parties only to the extent that such examination was permitted prior to the imposition of sentence.

(b) The record normally should be prepared in each case in the same manner as would any other record to be presented to the court involved.

(c) The sentencing judge should be required in every case to state his reasons for selecting the particular sentence imposed. Normally, this should be done for the record in the presence of the defendant at the time of sentence. In cases in which the sentencing judge deems it in the interest of the defendant not to state fully the reasons for the sentence in the presence of the defendant, he should prepare such a statement for transmission to the reviewing court as a part of the record."

[7] Other open-ended sentencing statutes are the kidnapping statute, W. Va. Code, 61-2-14a, 61-2-14c and 61-2-14d; the bank embezzlement statute, W. Va. Code, 61-3-20; and the crime of obstruction of railroads or canals to endanger lives, W. Va. Code, 61-3-28.

by violence, he is entitled to do so by a timely motion to the trial court made within the time period provided by W. Va. Code, 62-12-3, for suspending a sentence,[8] and a appropriate record shall be made to provide the factual basis for the sentence. The sentencing record should include the presentence report and any other diagnostic reports used as an aid in imposing the sentence. The court shall also permit statements relevant to the sentence to be made on the record by the defendant, his attorney, and the prosecuting attorney, if the statements have not already been recorded at or prior to the time sentence was initially imposed. Where sentence is pronounced on a guilty plea, the transcript of the guilty plea shall also be included. Finally, the sentencing judge shall state on the record his reasons for selecting the particular sentence, except in those instances where the sentencing judge considers it in the interest of the defendant not to fully state the reasons in the presence of the defendant. In those instances, he should subsequently file such reasons in writing, which shall be made a part of the record.

Because in this case we have announced new guidelines and procedures for review of a sentence for robbery by violence, we are disposed to permit the defendants in this case to have the benefit of these procedures by remanding the case to trial court to permit a sentencing record to be developed. We have adopted this technique, as have other courts, in *State v. Brewster*, 164 W. Va. 173, 261 S.E.2d 77, 83 (1979), and the cases cited therein, where the inquiry on remand involves the making of a record that will resolve whether any error has been committed. The issue·below is

---

[8] W. Va. Code, 62-12-3, is our counterpart to Rule 35 of the Federal Rules of Criminal Procedure. Most courts have concluded either under this rule or under case law, that a sentencing judge does have the power to reduce a previously imposed sentence. *E.g., McClure v. District Court*, 187 Colo. 359, 532 P.2d 340 (1975); *Troupe v. Rowe*, 283 So.2d 857 (Fla. 1973); *State v. Caldrone*, 218 Kan. 471, 543 P.2d 1028 (1975); *State v. Nine*, 315 So.2d 667 (La. 1975); *State v. Eighth Judicial District Court*, 85 Nev. 485, 457 P.2d 217 (1969). We have recognized this rule in *State ex rel. Kincaid v. Spillers*, ___ W. Va. ___, 268 S.E.2d 137, 141 (1980), and *State ex rel. Williams v. Riffe*, 127 W. Va. 573, 578, 34 S.E.2d 21, 23 (1945).

a limited one pertaining only to the evidentiary basis for the term of the sentence.

*Remanded with*
*Directions*