338 S.E.2d 236

**Raymond PRATT**

v.

**Manfred HOLLAND, Warden, West Virginia Penitentiary.**

**No. 16656.**

Supreme Court of Appeals of West Virginia.

Dec. 17, 1985.

Vic Barone, Charleston, for appellant.

Atty. Gen.'s Office, Charleston, for appellee.

## PER CURIAM.

This is an original proceeding in habeas corpus in which the relator asks that he be discharged from further confinement on the ground that he has been denied the right to a meaningful appeal.

The relator was convicted of the armed robbery of a Fairmont grocery store in the Circuit Court of Marion County in April of 1976. On May 24, 1976, he was sentenced to life imprisonment. A notice of intent to appeal and request for transcript were filed with the circuit court on June 11, 1976. The court granted the motion for a free transcript on October 26, 1976. On December 29, 1976, the time for appeal was extended because the relator had not received his transcript. The major portion of the transcript was furnished to the relator on April 14, 1977. That transcript was complete except for the suppression hearing at relator's trial. Relator's counsel filed a motion for resentencing in March of 1978 but the record contains no order that the relator was in fact resentenced. On July 21, 1978, the remainder of the transcript was furnished to the relator. For reasons that do not appear in the sparse record before us, no appeal was taken after the transcript was received.

On March 4, 1982, relator's new counsel[1] filed an application for a writ of habeas corpus in the Circuit Court of Marion County alleging that the relator had effectively been denied his right to a meaningful appeal and asserting that the life sentence imposed upon him was improper. By order dated April 12, 1982, the writ was granted in part and denied in part. The circuit court found that the relator had been denied his right to a meaningful appeal but apparently also found that there had been no extraordinary dereliction on the part of the state; therefore, the circuit court denied the relator's request for discharge from confinement. The relator was resentenced in order to extend the appeal period. *W. Va. Code* 53–4A–7(c) [1967]. Relator's counsel then made an oral motion for reduction of sentence and the court ordered a pre-sentence investigation. The court resentenced the relator on November 15, 1983 to life imprisonment with the intention of the court that the relator be eligible for parole after serving a minimum of ten years. The relator was given credit on the new sentence for the time previously served on the original sentence.

On March 28, 1984, the relator filed a *pro se* application for a writ of mandamus in the circuit court requesting copies of various documents relating to his trial and conviction. In a letter dated April 5, 1984, the circuit court informed the relator that "the necessary preliminary steps" had been taken to appoint appellate counsel for him and that he should notify the court about whether he still wanted a lawyer to prosecute his appeal. The relator informed the court that he did want a lawyer to represent him and that the relevant documents could be sent to the person appointed. In a letter dated April 26, 1984, the circuit court appointed counsel for the relator. On December 1, 1984, the appeal period was again extended in order that counsel could perfect an appeal.[2]

---

1. There is nothing in the record before us to indicate what happened to the relator's original trial counsel who were still involved in relator's case in May of 1978. Though there is no order in the record, we assume that the court appointed Mr. Cleckley and Mr. Stone to represent the relator in the habeas corpus proceeding.

2. Mr. Stone, one of the attorneys who represented relator in the habeas corpus proceeding apparently could not represent him on appeal for

On December 3, 1984, the relator filed in this Court an application for a writ of habeas corpus. The writ was issued returnable to this Court on April 24, 1985. Thereafter, upon joint motion of the parties, the case was continued to September 11, 1985.

■ Clearly, the relator is entitled to appeal his conviction and receive a copy of the trial court transcript. As we stated in Syllabus Point 1 of *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977):

An indigent criminal defendant has a right to appeal his conviction. He is also constitutionally entitled to a copy of the trial court record, including the transcript of the testimony, without cost to him. West Virginia Constitution, Article III, Sections 10 and 17.

He is also entitled to court-appointed counsel, because as we recognized in *Rhodes*, an appeal is meaningless unless the indigent defendant has access to counsel. This case does not revolve around the failure of the state to provide relator with a copy of his transcript. It is undisputed that the relator received the major portion of his transcript in 1977 and received the rest of it in July of 1978. Although the relator was denied the right to appeal during the first appeal period he was subsequently provided with a transcript and resentenced to extend the time to appeal. There is nothing in the record to indicate why relator's court-appointed trial counsel did not pursue an appeal after they first filed for an extension of time in which to do so and after they filed the motion for resentencing in March of 1978. Neither is there anything in the record to suggest why there was an approximate four-year delay between the motion for resentencing and the filing of the habeas corpus application by new counsel in 1982.

The relator contends that he is entitled to be discharged from confinement because the state has been extraordinarily derelict in providing him counsel for his appeal. In Syllabus Point 5 of *Rhodes v. Leverette, supra,* we held that "[e]xtraordinary dereliction on the part of the State sufficient to warrant unconditional release in a habeas corpus proceeding, where the relator's constitutional rights to an appeal have been violated, will largely depend on the facts of the individual case."

■ In this case we do not find that there has been extraordinary dereliction sufficient to warrant the relator's release. It is true that he has served ten years of a life sentence and that he has been denied the right to appeal once and perhaps twice, though the record is sparse on this point. However, the state attempted to correct any error in 1982 when new counsel was appointed to represent the relator in the habeas corpus proceeding. At this point, the relator had done nothing to call attention to the fact that he had been denied his appeal and it appears that it was not until 1984 that he actually informed the court of the problem. Nothing in the record indicates that the relator called the court's attention to his desire to appeal, and his counsel's failure to do so, between 1978 and 1982. Furthermore, the relator filed no petitions in this Court during the entire period in question to apprise us of his failure to get an appeal. In Syllabus Point 7 of *Rhodes v. Leverette, supra,* we held that "[w]hile the State is constitutionally obliged to appoint effective counsel to assist an indigent criminal defendant in his appeal, once this has been done there rests on the indigent criminal defendant some responsibility to make known to the court his counsel's inaction."

After the circuit court found in 1982 that the relator had been denied his right to a meaningful appeal, counsel should have been promptly appointed. However, even then the relator did not question the court's actions until March of 1984. Apparently, he was waiting for the court's decision on the sentence reduction motion. We have held that the constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing that inaction the attention of the court, but the delay on the part of the defendant may affect the relief granted. *See* Syllabus Point 8, *Rhodes v. Leverette, supra.*

various reasons, one of which was a conflict of interest.

Following the issuance of the writ of habeas corpus in this Court and after argument on its merits, an appeal was filed on the relator's behalf on October 16, 1985. His sole assignment of error is that the court erred under *State v. Houston,* 166 W.Va. 202, 273 S.E.2d 375 (1980), in refusing to give reasons for imposing the life sentence upon him.[3] The state acquiesces in the relator's contention that the case should be remanded for development of a sentencing record. We agree.

Accordingly, the case is remanded to the circuit court with directions that the reasons for imposing the life sentence be put on the record.

Writ Granted as Moulded.

**3.** There also seems to be some question about whether a life sentence can be imposed for an armed robbery conviction under *W.Va.Code* 61–2–12 [1961]. In *State ex rel. Faircloth v. Catlett,* 165 W.Va. 179, 267 S.E.2d 736 (1980), we acknowledged that an indeterminate sentence for armed robbery is invalid, but held that a convicted armed robber may be punished by a fixed term of life imprisonment.