# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September 2016 Term

_____

No. 15-1157

_____

**FILED**

**November 9, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RAYMOND PRATT,**
**Petitioner Below, Petitioner**

v.

**DAVID BALLARD, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

_____

**Appeal from the Circuit Court of Marion County**
**The Honorable Robert B. Stone, Judge**
**Civil Action No. 12-C-415**

_____

**AFFIRMED**

_____

**Submitted: October 25, 2016**
**Filed: November 9, 2016**

Justin Gregory, Esq.
J. Gregory Law Firm, L.C.
Oakland, Maryland
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
David A. Stackpole, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Respondent

**CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1. "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* standard." Syl. pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

2. "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997).

**Chief Justice Ketchum**:

The petitioner, Raymond Pratt, an inmate serving a life sentence at the Mt. Olive Correctional Complex, appeals from the October 29, 2015, order of the Circuit Court of Marion County (the "habeas court") denying him relief in habeas corpus. Pratt's criminal history includes convictions of a number of felonies. The matter now before us concerns his April 1976 conviction in Marion County of armed robbery. That conviction resulted in Pratt's life sentence.

In the October 29, 2015, order, the habeas court set forth reasons for the imposition of Pratt's life sentence as directed by this Court in *Pratt v. Holland*, 175 W.Va. 756, 338 S.E.2d 236 (1985). In addition, the habeas court rejected Pratt's challenge to the West Virginia Parole Board's determination that he is ineligible for parole consideration.

Pratt contends that the habeas court committed error by including an impermissible factor in the basis for his life sentence. The life sentence included the element of mercy, and Pratt was released on parole in 1986. While on parole, Pratt was convicted of murder in Pennsylvania. Upon completion of his Pennsylvania sentence, Pratt's parole was revoked by the West Virginia Parole Board. Pratt contends that, inasmuch as the Pennsylvania murder conviction occurred well after his armed robbery conviction, the habeas court should

1

not have included the Pennsylvania murder conviction in the basis for Pratt's life sentence.

Moreover, Pratt contends that the denial of a hearing before the Parole Board prior to the

Board's determination of his ineligibility for parole violated his right to due process of law.

This Court concludes that Pratt's contentions are without merit. Accordingly, we

affirm the October 29, 2015, order denying Pratt relief in habeas corpus.

## I. The Underlying Conviction

On March 10, 1975, the Marion County grand jury returned a one count indictment,

No. 7216, charging Pratt with the armed robbery of Fairmont Community Foodland. Pratt

was convicted of that offense in April 1976 following a jury trial. On June 1, 1976, the trial

court sentenced Pratt to life imprisonment. *See W.Va. Code*, 61-2-12 [1961] (providing a

penalty for armed robbery of "not less than ten years"); *State ex rel. Faircloth v. Catlett*, 165

W.Va. 179, 181, 267 S.E.2d 736, 737 (1980) (A convicted armed robber may be punished

by a fixed term of life imprisonment.).

The trial court imposed the life sentence, rather than a lesser term of years, without

setting forth a factual basis for the sentence on the record.[1] The parties in the current habeas

---

[1] Pratt had two prior robbery convictions in 1975 in the Circuit Court of Monongalia County. In *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978), this Court reversed the convictions and awarded new trials. Pratt subsequently pled guilty to the

proceeding agree, nevertheless, that the sentence Pratt received was life, "with mercy,"

thereby rendering him eligible for parole consideration. As a result of delays, including a

delay in the completion of the trial transcript, Pratt was resentenced several times in order

to extend his appeal period. However, no direct appeal to this Court from the armed robbery

conviction was filed.

## II. Prior Collateral Proceedings

In 1980, this Court issued the opinion *State v. Houston*, 166 W.Va. 202, 273 S.E.2d

375 (1980), wherein two defendants convicted of robbery by violence challenged the length

of their thirty and forty year sentences. Nothing in the record indicated the factual basis upon

which the penitentiary terms were imposed.[2] Remanding the cases for further development,

this Court held in *Houston* that, to facilitate meaningful judicial review, an "appropriate

record shall be made to provide the factual basis" for the sentences. *Houston*, 166 W.Va. at

210, 273 S.E.2d at 379.

---

robbery charges and was sentenced to two twelve-year terms, the sentences to run concurrently. Pratt also has two prior felony convictions in Pennsylvania. *Pratt*, 161 W.Va. at 545, 546, 244 S.E.2d at 236.

[2] In *Houston*, this Court noted: "There is nothing contained in the record by way of presentence reports, or a transcript of the sentencing hearing, that would indicate on what factual basis the particular terms of the sentences were fixed." *Houston*, 166 W.Va. at 203, 273 S.E.2d at 376.

On March 9, 1982, Pratt filed a petition for a writ of habeas corpus in the Circuit Court of Marion County.[3] Pratt alleged that he had been improperly sentenced and that he had been denied a meaningful appeal. As a result of the habeas proceeding, a pre-sentence investigation was completed, and Pratt was again resentenced for purposes of appeal. A November 30, 1983, order clarified Pratt's sentence as follows:

> Whereupon, the Court, after a review of the pre-sentence investigation made by the Department of Corrections, and the statements of counsel, and testimony presented to the Court, does hereby order that the defendant, Raymond Pratt, be confined in the West Virginia Penitentiary at Moundsville, West Virginia, for life, with credit for time previously served on this matter. It is the intention of this Court that [Pratt] shall be eligible for parole, after serving a minimum of ten (10) years on this sentence.

Thereafter, Pratt filed an appeal and an original habeas corpus petition in this Court, both of which challenged the validity of Pratt's life sentence. Although Pratt's appeal was refused, the habeas petition resulted in this Court's opinion in *Pratt v. Holland*, 175 W.Va. 756, 338 S.E.2d 236 (1985).[4] In *Pratt v. Holland*, this Court rejected Pratt's assertion that he should be released from confinement because of extraordinary dereliction by the State in bringing about the entry of numerous resentencing orders. However, citing *State v. Houston*,

---

[3] The habeas proceeding was styled *State ex rel. Raymond Pratt v. Bordenkircher*, No. 82-C-160 (Marion County 1982).

[4] Pratt's appeal, filed on October 16, 1985, was from the November 1983 order of the Circuit Court of Marion County. The sole assignment of error was the refusal "to give reasons for imposing the life sentence." *Pratt v. Holland*, 175 W.Va. at 759, 338 S.E.2d at 238. Following the issuance of *Pratt v. Holland* on December 17, 1985, concerning the habeas petition, this Court refused the appeal on March 19, 1986.

4

we remanded the case to the Circuit Court of Marion County with directions to put the reasons for imposing the life sentence on the record.

However, before the circuit court could convene a hearing to develop a sentencing record, Pratt was placed on parole. While on parole, Pratt was arrested in Pennsylvania for first degree murder and was convicted of that offense in January 1988 following a jury trial. However, the case was reversed and remanded on August 16, 1989, by the Superior Court of Pennsylvania. *See Commonwealth v. Pratt*, 394 Pa. Super. 615, 565 A.2d 821 (1989), *aff'd*, 524 Pa. 627, 574 A.2d 68 (1990) (unpublished opinions). On remand, Pratt pled guilty to murder of the third degree, an offense under Pennsylvania's murder statute, 18 Pa.C.S.A. § 2502 [1978].[5] Pratt then served a penitentiary term in Pennsylvania. Upon release, his

---

[5] The Pennsylvania murder statute, 18 Pa.C.S.A. § 2502 [1978], provides in part:

(a) Murder of the first degree. - A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing. ["Intentional killing" is defined under the statute as "killing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing."]

(b) Murder of the second degree. - A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony. ["Perpetration of a felony" is defined under the statute as "[t]he act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping."]

(c) Murder of the third degree. - All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the

5

parole was revoked by the West Virginia Parole Board. Pratt was returned to custody in West Virginia, and his armed robbery sentence of life, with mercy, was reimposed.[6]

The West Virginia Parole Board informed Pratt that he would be eligible for further parole at a later date. Soon after, however, by letter dated October 4, 2007, Pratt was informed that he would be entirely ineligible for parole in the future. The Parole Board's determination of ineligibility was based upon a September 2007 memorandum from counsel for the West Virginia Department of Corrections which concluded that a conviction of third degree murder in Pennsylvania is virtually the same as a second degree murder conviction in this State. Consequently, Pratt was said to be ineligible for further parole pursuant to *W.Va. Code*, 62-12-19(c) [2006][7], which provides in relevant part:

> When a parolee has violated the conditions of his or her release on parole by confession to, or being convicted of, any of the crimes set forth in section eighteen of this article, he or she shall be returned to the custody of the Division of Corrections to serve the remainder of his or her maximum sentence, *during which remaining part of his or her sentence he or she is ineligible for further parole*.

first degree.

[6] *See generally* Vol. 2, Neil P. Cohen, *The Law of Probation and Parole* § 19:9 (2nd ed. 1999) ("Probation or parole status may be revoked by the state granting it not only for additional criminal offenses committed in that state, but for additional criminal offenses committed by the offender in any other state or in violation of federal law, if the record clearly establishes the commission of the offense in the other jurisdiction.").

[7] *W.Va. Code*, 62-12-19 [2006], was amended by the Legislature in 2013. The amendment is unrelated to this proceeding.

(emphasis added) The reference in the statute to "crimes set forth in section eighteen of this article" is to *W.Va. Code*, 62-12-18 [2006], which addresses certain parole violations and lists crimes such as murder and aggravated robbery "*or offenses with the same essential elements if known by other terms in other jurisdictions*." (emphasis added)

Although the record indicates that Pratt had a revocation hearing, he was not afforded an opportunity to appear before the Parole Board and participate in the analysis of the respective murder statutes resulting in the Board's determination.

### III. The Current Habeas Corpus Proceeding

On November 19, 2012, Pratt filed the current habeas petition in the Circuit Court of Marion County (the habeas court). *See West Virginia Post-Conviction Habeas Corpus Act*, *W.Va. Code*, 53-4A-1 [1967], *et seq*. The petition was amended on January 2, 2014.[8] Pratt alleged that the lack of a sentencing record regarding his armed robbery conviction violates the requirements of *State v. Houston* as well as this Court's directions in *Pratt v. Holland* to set forth reasons for imposing Pratt's life sentence. Pratt also alleged that the West Virginia Parole Board violated his right to due process by refusing him an opportunity to be heard and

---

[8] The amended petition is styled *State ex rel. Raymond Pratt v. Ballard*, No. 12-C-415 (Marion County 2012).

present evidence prior to the Board's determination that he is ineligible for further parole consideration. Specifically, rather than asking the habeas court to rule that Pratt is currently eligible for parole, Pratt sought an opportunity to challenge the Department of Corrections's memorandum relied upon by the Parole Board.

The habeas court conducted an omnibus hearing on July 7, 2014. With regard to the Parole Board, the habeas court indicated that Pratt's eligibility for further parole was subject to the comparison of the Pennsylvania third degree murder statute with the West Virginia statute on second degree murder. The habeas court stated that the issue was, therefore, a question of law and that the parties could present their arguments, in writing, directly to the court. On August 6, 2014, Pratt filed a brief with the habeas court in which he concluded: "After extensive research, Petitioner's counsel cannot in good faith argue that there is a significant distinction between Pennsylvania's definition of 'third-degree murder' and West Virginia's definition of 'second-degree murder.'"

The habeas court provided the parties with a copy of Pratt's 1983 pre-sentence investigation report. On January 29, 2015, the habeas court conducted a sentencing hearing pursuant to *State v. Houston* and *Pratt v. Holland* to develop the record with regard to Pratt's life sentence for armed robbery. Concluding that the sentence was fair, the habeas court reimposed the life sentence, with mercy, which originally included parole eligibility.

8

Rejecting Pratt's due process claim, the habeas court concluded that the Parole Board followed the law in declaring him no longer eligible for parole. During the hearing, the following exchange occurred:

> The Court: * * * Mr. Gregory [counsel for Pratt], when you looked at that issue, and I asked you to, your representation in your brief was that in all fairness there's really no difference between the elements of second-degree murder in West Virginia and third-degree murder in Pennsylvania. Is that a fair statement, Mr. Gregory?
> Mr. Gregory: Yes, your Honor.
> The Court: Would the State agree?
> Mrs. Ribel: Yes, your Honor.
> The Court: So, now we get to the point where it being a parole issue and is very clear if you're placed on parole and it's like even with the sentence is life with mercy, the current parole statute states that if a parole violation involves the commission [of] one of the enumerated felonies in West Virginia Code 62-12-18, which includes second-degree murder - - now let me ask, is there any dispute about that, Mr. Gregory?
> Mr. Gregory: About the - -
> The Court: The fact that one of the enumerated felonies would cause someone to no longer be eligible for parole is second-degree murder?
> Mr. Gregory: No dispute, your Honor. * * * Was it one of these enumerated felonies? Yes, it was. I guess really the only argument I would have is that he was not allowed to participate. Would it have mattered? I don't think so. Actually, no it wouldn't have mattered, but that's really, I guess, the due process my argument addresses.

On February 13, 2015, the habeas court entered an order dismissing Pratt's petition. The order contained findings of fact and conclusions of law. The order was reentered on October 29, 2015, and this appeal followed.

## IV. Standards of Review

Pursuant to Rule 9.(c) of the *Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia*, a habeas court's comprehensive order must include findings of fact and conclusions of law. This Court's standard of review of such an order is set forth in syllabus point 1 of *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006):

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* standard.

*Accord Ballard v. Hunt*, 235 W.Va. 100, 103, 772 S.E.2d 199, 202 (2015). *See* Trisha Zeller, *Handbook on West Virginia Criminal Procedure*, Ch. XXII, § B at 22-95 (Matthew Bender 2016). *See also* syl. pt. 3, *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301 (1981) (abuse of discretion standard applied to parole decisions).

## V. Discussion

Pratt raises two assignments of error. First, he contends that the habeas court included an impermissible factor as a reason for his life sentence. Specifically, Pratt asserts that, inasmuch as the Pennsylvania murder conviction occurred after the Marion County armed robbery conviction, the murder conviction should not have been included in the basis for Pratt's life sentence. Pratt's second assignment of error concerns his contention that the

10

denial of a hearing before the Parole Board in which to participate in the comparison of the two murder statutes violated his right to due process of law.[9]

We find Pratt's first assignment of error to be without merit. Although Pratt's murder conviction was discussed by the habeas court during the July 7, 2014, omnibus hearing and the January 29, 2015, sentencing hearing, the murder conviction was not included as a reason for Pratt's life sentence for armed robbery. While the murder conviction was properly before the Parole Board and the habeas court on the issue of Pratt's prospective eligibility for parole, the murder conviction was not a factor, and was not considered by the habeas court, in the context of *State v. Houston* and *Pratt v. Holland*. The sentence imposed by the habeas court was the same sentence Pratt received prior to the Pennsylvania murder conviction, *i.e.*, life with mercy. In the February 13, 2015, order, the habeas court set forth the following basis for the life sentence:

> The Court convened the hearing as scheduled on January 29, 2015. At that time, the Court elicited recommendations from both the Petitioner's counsel and from the State of West Virginia as to the propriety of a life sentence. The Court also invited them to offer any corrections, objections, additions, or arguments related to the 1983 Pre-Sentence Investigation Report. Most importantly, the Court addressed the Petitioner personally and permitted him an opportunity to allocute. Ultimately, however, the Court expressed on

---

[9] U.S. Const. amend. V and amend. XIV provide that no person shall be deprived of life, liberty or property without due process of law. Similarly, W.Va. Const. Art. III, § 10, provides that no person shall be deprived of life, liberty or property without due process of law.

11

the record its intention to affirm the underlying life sentence and its reasons for doing so, including:

    a. the severity and violent nature of the offense;

    b. the Petitioner's criminal history, including at least three other armed robberies;

    c. the absence of any serious mitigating factors related to the Petitioner's upbringing or the armed robbery itself;

    d. the community sentiment at the time of the original sentencing, including the victim's belief that he should be incarcerated "for a considerable amount of time" and the arresting officer's belief that he was "a habitual criminal beyond rehabilitation" who "should spend the rest of his life in the penitentiary;" and

    e. that although the Petitioner's criminal career began in his youth, it continued well into his forties.

    The Court also considered that the sentence imposed was relatively favorable given the State's original recommendation of a fifty year sentence - a sentence that would have required him to remain incarcerated for at least fifteen years, rather than ten. In other words, it was actually intended to reduce the necessary term of imprisonment and allow the Petitioner an earlier opportunity to re-enter the community subject to the deterring influence of the life sentence. By attaining parole after ten years, the Petitioner reaped the benefits of this sentence, even if he ultimately squandered the opportunity by re-offending shortly after his discharge.

Syllabus point 1 of *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997) holds: "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." *Accord* syl. pt. 1, *State v. Deel*, 237 W.Va. 600, 788 S.E.2d 741 (2016). More precisely, sentences in criminal cases, if within statutory limits and if not based on some impermissible factor, are not subject to appellate review. Syl. pt. 10, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010); syl. pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982).

12

Here, the habeas court complied with the directives of *State v. Houston* and *Pratt v. Holland* by placing reasons for Pratt's life sentence on the record. The reasons expressed are thorough, and the sentence, as reimposed, is within the sound discretion of the habeas court. We find no merit in this assignment of error.

Pratt's second assignment of error which concerns the West Virginia Parole Board is likewise without merit. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court of the United States held that, although parole revocation does not call for the full panoply of rights due a defendant in a criminal proceeding, the parolee is, nevertheless, entitled to certain due process protections pursuant to the Fourteenth Amendment. Those protections include a preliminary determination, by a hearing officer, of probable cause that a violation occurred and a subsequent revocation hearing before the parole board. The due process protections afforded the parolee at the revocation hearing include the opportunity to be heard in person and to present witnesses and documentary evidence. *State ex rel. J. R. v. MacQueen*, 163 W.Va. 620, 623, 259 S.E.2d 420, 422 (1979). After *Morrissey*, this Court, in syllabus point 1 of *Dobbs v. Wallace*, 157 W.Va. 405, 201 S.E.2d 914 (1974), recognized that a parole revocation hearing, "being a critical proceeding at which the accused parolee's liberty is in jeopardy, must be conducted within the protections afforded by the state and federal constitutions."

13

Here, as the habeas court noted, Pratt had a revocation hearing before the Parole Board during which his parole was formally revoked. *Pratt does not contest the revocation.* Although he was told at the hearing that he would again be eligible for parole, he was later notified pursuant to the October 4, 2007, letter that he would be ineligible for further parole consideration. Although Pratt was not afforded an opportunity to contest the Department of Corrections's memorandum before the Board, his conviction of third degree murder in Pennsylvania raised a question of law, rather than an evidentiary matter, with regard to parole eligibility.

The Parole Board determined under *W.Va. Code*, 62-2-18 [2006], that Pratt's third degree murder conviction had the "same essential elements" as second degree murder in this State and, thus, concluded under *W.Va. Code*, 62-12-19(c) [2006[, that Pratt is now "ineligible for further parole." This Court observed in *Jett v. Leverette*, 162 W.Va. 140, 146, 247 S.E.2d 469, 472 (1978): "In the case of a parole revocation there exists the possibility of further eligibility for parole unless the parolee has committed certain crimes set out in W.Va. Code, 62-12-18, while on parole, in which event 'he shall be ineligible for further parole.' W.Va. Code, 62-12-19."

During the omnibus hearing, the habeas court indicated that the issue of Pratt's eligibility for further parole was a question of law and that Pratt would be permitted to file

a brief comparing the Pennsylvania murder statute with the West Virginia statute. In Pratt's brief, his counsel concluded that, after extensive research, he could not in good faith argue that there is a significant distinction between Pennsylvania's definition of third degree murder and West Virginia's definition of second degree murder. At the subsequent January 29, 2015, sentencing hearing before the habeas court, Pratt's counsel maintained that Pratt should have been allowed to appear and participate before the Parole Board on the issue regarding the murder statutes. However, Pratt's counsel acknowledged that Pratt's appearance before the Board would not have mattered. During that hearing, the habeas court concluded that the question before the Parole Board was a matter of law and that the Parole Board properly followed *W.Va. Code*, 62-12-19(c) [2006], in determining that Pratt is no longer eligible for parole.

The habeas court rejected Pratt's due process claim. As the habeas court noted in the October 29, 2015, order: "[Pratt] conceded at the January 29, 2015 hearing that an opportunity to be heard in the disputed parole board determination would prove an empty gesture and [would] 'make no difference in the end.'"

Pratt was afforded ample opportunity before the habeas court to contest the issue regarding the respective murder statutes. The similarity of Pennsylvania's third degree murder statute and this State's second degree murder statute is not in dispute. Pursuant to the clear language of *W.Va. Code*, 62-12-19(c) [2006], Pratt is "ineligible for further

parole."[10]  We find nothing in this assignment of error warranting a reversal of the habeas court.

---

[10] In West Virginia, the statutory offenses of first and second degree murder are set forth in *W.Va. Code*, 61-2-1 [1991], which provides in part:

> Murder by poison, lying in wait, imprisonment, starving, or by any willful, deliberate and premeditated killing, or in the commission of, or attempt to commit, arson, kidnapping, sexual assault, robbery, burglary, breaking and entering, escape from lawful custody, or a felony offense of manufacturing or delivering a controlled substance as defined in article four, chapter sixty-a of this code, is murder of the first degree. All other murder is murder of the second degree.

That provision is comparable to the Pennsylvania murder statute, 18 Pa.C.S.A. § 2502 [1978]. *See* n. 5, *supra*. We, therefore, agree with the conclusion that Pennsylvania's third degree murder provision is essentially the same as this State's second degree murder provision for purposes of parole eligibility under *W.Va. Code*, 62-12-19(c) [2006], and *W.Va. Code*, 62-12-18 [2006]. The habeas court's October 29, 2015, order includes the following well-reasoned analysis:

> Pennsylvania's second-degree murder statute is a codification of the so called "felony murder" rule, *See* 18 Pa. Stat. § 2502(b) ("A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony."). In West Virginia, the felony murder rule is encoded as a form of first-degree murder. *See W.Va. Code* § 61-2-1 (defining first degree murder as, *inter alia*, any murder committed in the course or attempted course of committing certain other enumerated felonies). Third-degree murder in Pennsylvania and second-degree murder in West Virginia are both "catch-all" offenses for any murder that fails to qualify as a murder of a more aggravated degree.

16

## VI. Conclusion

For the reasons stated, this Court affirms the October 29, 2015, order of the Circuit Court of Marion County denying Pratt relief in habeas corpus.

Affirmed.