# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

State of West Virginia,
Plaintiff Below, Respondent

vs) No. 16-1202 (Jackson County 14-F-41 & 13-F-63)

Douglas L.,
Defendant Below, Petitioner

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Douglas L., by counsel Kevin B. Postalwait, appeals the Circuit Court of Jackson County's November 29, 2016, order denying his motion to stop the collection of court costs and fees.[1] The State, by counsel David A. Stackpole, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion and failed to apply West Virginia Code § 29-21-16(g).[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, petitioner pled guilty to one count of first-degree sexual abuse and to one count of sexual abuse by a parent. Petitioner was sentenced to a term of incarceration of five to twenty-five years for first-degree sexual abuse and a term of incarceration of ten to twenty years for sexual abuse by a parent, with the terms to run consecutively. Additionally, the circuit court ordered petitioner to pay a $5,000 fine and court costs.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] West Virginia Code § 29-21-16(g) provides that "[i]n the circumstances and manner set forth below, circuit judges may order repayment to the *state*, through the office of the clerk of the circuit court having jurisdiction over the proceedings, of the *costs of representation* provided under this article[.]" (emphasis added).

In May of 2015, petitioner received a notice of withholding from the West Virginia Department of Corrections ("WVDOC") informing him that, beginning on July 10, 2015, the WVDOC would begin deducting forty percent of his earnings while incarcerated to pay his fine and court costs. The notice of withholding included an itemized listing of petitioner's fine, fees, and court costs. The notice also informed petitioner of his right to dispute the charges by filing a grievance with the WVDOC, pursuant to policy directive 335.00. Approximately a year and a half after receiving the WVDOC notice of withholding, petitioner filed a pro se motion to stop the collection of court costs and fees during the term of his incarceration. In support of his motion, petitioner argued that he is not liable for the court costs and fees until after he becomes parole eligible and the payment of the court costs and fees creates an undue hardship.

In October of 2016, the circuit court held a hearing addressing petitioner's motion. Petitioner again argued that he was unable to pay the court costs and fees and the payment should be deferred until he is released on probation or paroled. The court confirmed that petitioner's child was in the custody of the Department of Health and Human Resources ("DHHR") and that he had "no family obligations to take care of." The court then inquired of petitioner how the reduction of his income to pay his court costs and fees would be a hardship for him when all of his needs are provided for by the WVDOC. Petitioner claimed that he needed the income to "[s]urvive on." The circuit court denied petitioner's motion to stop the collection of court costs and fees but noted that if petitioner was able to provide the court with additional information in support of his motion, he could petition the court for "reconsideration." On November 29, 2016, the circuit court entered an order denying petitioner's motion; petitioner never filed a motion for reconsideration. It is from that order that petitioner appeals.

We have previously established the following standard of review: "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 2, *Pratt v. Ballard*, 238 W.Va. 184, 793 S.E.2d 348 (2016). Upon our review, we find no error in the proceedings below.

Petitioner's only argument on appeal is that the circuit court erred when it denied his motion and failed to apply West Virginia Code § 29-21-16(g), which, petitioner claims, prohibits the collection of court costs during a term of incarceration.[3] In support of his argument,

---

[3]We note that petitioner's counsel filed this appeal pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the

(continued . . . )

2

petitioner argues that West Virginia Code §§ 29-21-16(g) and 50-3-2 must be interpreted in light of each other since they have "a common purpose."[4] Petitioner further claims that the regulations promulgated by the WVDOC in West Virginia Code § 25-1-3c are invalid and should not be applied in this case.[5] According to petitioner, West Virginia Code §§ 29-21-16(g) and 50-3-2 operate to relieve his obligation to pay his court-ordered costs and fees.

---

client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

[4]West Virginia Code § 50-3-2 provides, in part, that

[i]n each criminal case before a magistrate court in which the defendant is convicted, whether by plea or at trial, there is imposed, in addition to other costs, fines, forfeitures or penalties as may be allowed by law: (1) Costs in the amount of sixty dollars, of which five dollars of that amount shall be deposited in the Courthouse Facilities Improvement Fund created by section six, article twenty-six, chapter twenty-nine of this code; (2) an amount equal to the one-day per diem provided for in subsection (h), section ten, article twenty, chapter thirty-one of this code; and (3) costs in the amount of thirty dollars to be deposited in the Regional Jail Operations Partial Reimbursement Fund created by section ten-b of said article. A magistrate may not collect costs in advance. Notwithstanding any other provision of this code, a person liable for fines and court costs in a criminal proceeding in which the defendant is confined in a jail or prison and not participating in a work release program shall not be held liable for the fines and court costs until one hundred eighty days after completion of the term in jail or prison. A magistrate court shall deposit five dollars from each of the criminal proceedings fees collected pursuant to this section in the Court Security Fund created in section fourteen, article three, chapter fifty-one of this code. A magistrate court shall, on or before the tenth day of the month following the month in which the fees imposed in this section were collected, remit an amount equal to the one-day per diem provided for in subsection (h), section ten, article twenty, chapter thirty-one of this code from each of the criminal proceedings in which the fees specified in this section were collected to the magistrate court clerk, or if there is no magistrate court clerk to the clerk of the circuit, together with information as may be required by the rules of the Supreme Court of Appeals and the rules of the Office of Chief Inspector. These moneys are paid to the sheriff who shall distribute the moneys solely in accordance with the provisions of section fifteen, article five, chapter seven of this code. Amendments made to this section during the regular session of the Legislature, two thousand one, are effective after the thirtieth day of June, two thousand one.

[5]West Virginia Code § 25-1-3c provides, in part, that "[t]here is an urgent need for vigorous enforcement of child support, restitution and other court ordered obligations."

3

First, West Virginia Code § 29-21-16(g) does not apply to the instant case. West Virginia Code § 29-21-16(g) applies only to the costs of representation from West Virginia Public Defender Services and not to repayment of general circuit court imposed fines, fees, and costs. Petitioner is not being required to repay the costs of representation and, as such, his reading of the statute is incorrect. Contrary to petitioner's argument, West Virginia Code § 25-1-3c applies to the fines and fees imposed on him by the court below. The statute is clear that "[t]here is an urgent need for vigorous enforcement of child support, restitution and other court ordered obligations" and "[t]he warden shall deduct from the earnings of each inmate, legitimate court-ordered financial obligations."

Here, the WVDOC provided petitioner with a notice of withholding that indicated that a withholding of "up to 40%" of his income would occur. It is undisputed that the fines, fees, and court costs imposed by the circuit court were legitimate court-ordered financial obligations. It is clear from the record, the circuit court found that petitioner did not prove that the withholding caused an undue hardship sufficient to permit lowering the amount of withholding and the WVDOC acted accordingly. As such, we find no error in the circuit court's denial of petitioner's motion to stop the collection of court costs and fees. To the extent that petitioner cites to West Virginia Code § 50-3-2, that statute is limited to matters where the defendant has been convicted in magistrate court. Petitioner was not convicted in magistrate court and, as such, West Virginia Code § 50-3-2 does not apply. To the extent that petitioner claims that the statute is invalid, he fails to provide any proof in support of that claim and fails to articulate how the statute relieves him of his obligation. Accordingly, we find no error in the circuit court's denial of petitioner's motion to stop the collection of court costs and fees.

Next, petitioner makes several other claims in his appeal to this Court. He claims that the circuit court "failed to give the basis on which the [circuit court] made [its] ruling." Next, he claims that he was denied the right to be heard, that no assessment of hardship was made, and that discretionary spending was not considered. Petitioner also claims that West Virginia Code §§ 25-1-3c and 25-1-5 were erroneously applied retroactively. However, petitioner failed to adequately brief these additional claims and mainly cites to the appendix in support of his additional claims. These additional assignments of errors merely restate the argument that the circuit court erred in denying petitioner's motion and failed to apply West Virginia Code § 29-21-16(g) without any specific development of the due process issue.

To the extent that petitioner cites to three cases in support of his claims, his reliance on those cases is misplaced. Petitioner first cites to *State v. Haught*, 179 W.Va. 557, 371 S.E.2d 54 (1998), which involved a question regarding the conditioning of parole on the ability to pay court costs and fees. This case does not involve the ability to pay court costs, fines, and fees as a condition of parole. Moreover, the circuit court below considered the burden imposed on petitioner if the withholding continued and found that there was no undue hardship. Petitioner also cites *State v. Connor*, No. 11-0133, 2012 WL 2924129 (W.Va. Feb. 14, 2012) (memorandum decision), which involved a motion to modify the payment of court fees based on an undue hardship. As previously stated, the circuit found that there was no undue hardship in petitioner's case. Petitioner further cites to *State v. Murrell*, 201 W.Va. 648, 499 S.E.2d 870 (1997), which involved a claim that a defendant's fines and court costs violated both statutory and constitutional principles. Here, there was no such claim made by petitioner. Because of the

4

brevity of the legal analysis of these issues, we likewise decline to address the inadequately briefed issues. *See State v. Lambert*, 236 W. Va. 80, 97 n.31, 777 S.E.2d 649, 666 n.31 (2015) ("We summarily reject this dubious and inadequately briefed issue."); *State v. Grimes*, 226 W. Va. 411, 422 n.5, 701 S.E.2d 449, 460 n.5 (2009) ( "Inasmuch as those matters were set forth in the appellant's brief in a cursory or tangential manner, they are not cognizable in this appeal." (citation omitted)).

Accordingly, for the foregoing reasons, we find no error in the circuit court's denial of petitioner's motion to stop the collection of court costs and fees, and its November 29, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  January 8, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker