# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0472** (Clay County 16-JD-8)

**J.S.,**
**Defendant Below, Petitioner**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner J.S., by counsel George J. Cosenza, appeals the Circuit Court of Clay County's May 5, 2017, dispositional order committing him to the custody of the Division of Juvenile Services ("DJS") until he graduates from high school or turns eighteen years old, whichever is later.[1] Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response and supplemental appendix. On appeal, petitioner contends that the circuit court erred by considering allegations contained within a dismissed juvenile petition in reaching its disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 19, 2016, the State filed a juvenile petition against petitioner alleging that he committed the acts of threats of terrorist acts, conveying false information concerning terrorist acts and committing terrorist hoaxes, and conspiracy to commit a terrorist act. These proceedings were initiated after school and law enforcement officials learned of petitioner's involvement in a plan to conduct a Columbine-style attack on students and staff at petitioner's middle school.[2] At petitioner's preliminary hearing, held on June 7, 2016, the circuit court found that the State

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]H.B., another student implicated in this plan, was also committed to the custody of the DJS until he graduates from high school or turns eighteen years old, whichever is later. H.B. appealed, and we affirmed the circuit court's dispositional order in *State v. H.B.*, No. 17-0167, 2018 WL 317372 (W.Va. Jan. 8, 2018)(memorandum decision).

proved by clear and convincing evidence that there was probable cause to believe petitioner committed acts of delinquency that would be crimes if he were an adult. Petitioner pled not guilty, and the matter was scheduled for trial.

Prior to trial on the initial petition, the State, on August 23, 2016, filed a second petition against petitioner alleging that he committed the act of possession of a deadly weapon on premises of educational facilities. Shortly thereafter, the parties entered into a plea agreement whereby petitioner agreed to plead guilty to possessing a deadly weapon on school grounds in exchange for dismissal of the initial petition alleging terrorist acts and conspiracy. The circuit court accepted this agreement on August 30, 2016, and petitioner was adjudged guilty of possessing a knife on school grounds. The circuit court also ordered the completion of a presentence investigation and a diagnostic evaluation with the DJS to aid with disposition.

The circuit court held a dispositional hearing on February 7, 2016. At this hearing, petitioner moved the court for probation. The State also recommended probation for petitioner, which was likewise recommended by the DJS in its diagnostic evaluation. The circuit court disagreed that that would be a suitable disposition, however:

> THEREAFTER, the Court after having considered the evidence presented by the parties, arguments of counsel, record in this matter, best interests of [petitioner], the actions of the [petitioner], and all reports FINDS that it would be contrary to the fair administration of justice to place [petitioner] on probation or home confinement as he is a threat to himself and to public safety. The Court FINDS that to place [petitioner] on probation or home confinement would depreciate the seriousness of his actions and would not be in his best interest. The [c]ourt FINDS that [petitioner] threatened and planned to kill teachers and to disrupt school activities. The [c]ourt FINDS that [petitioner] has failed to accept responsibility for his actions. The [c]ourt FINDS that the [petitioner's] threats and plans are of a serious nature. The [c]ourt FINDS that home confinement is not appropriate and that the [petitioner] threatened to kill his sister and parents that reside in the same residence. The [c]ourt FINDS that the [petitioner] is in need of rehabilitative treatment that is best provided in a juvenile facility.

Finding that petitioner was in need of treatment to address mental issues, no less-restrictive alternative, and that placement in DJS custody was in his best interest, the circuit court ordered that he be placed in DJS custody until he graduated from high school or turned eighteen years old, whichever occurred later. The circuit court memorialized its findings in an order entered on May 5, 2017. It is from this order that petitioner appeals.

"[T]he standard of review with regard to a circuit court's sentencing order or disposition . . . is whether the circuit court's ruling constitutes an abuse of discretion." *State v. Kenneth Y.*, 217 W.Va. 167, 170, 617 S.E.2d 517, 520 (2005) (citations omitted). "[D]iscretionary, dispositional decisions of the trial courts should only be reversed where they are not supported by the evidence or are wrong as a matter of law." *In re Thomas L.*, 204 W.Va. 501, 503, 513 S.E.2d 908, 910 (1998) (internal quotations and citation omitted).

Petitioner argues that his bringing a knife to school bore no relation to the charges concerning terroristic acts. Petitioner claims that "[d]uring the investigation of the allegations of the terrorist act[,] it became apparent that the juvenile was not part of the terrorist plot. As a result, the petition against the juvenile was dismissed." Therefore, petitioner claims that the circuit court abused its discretion at disposition by considering evidence concerning the dismissed petition. Petitioner also lists a series of factors that he contends should have militated in favor of probation at disposition: the evaluation conducted of him in anticipation of disposition found that placement in a secure facility was unwarranted, his lack of a prior criminal history, his positive home environment and academic record, that his depression was under treatment prior to adjudication, that the State recommended probation, that he accepted responsibility for bringing a pocket knife to school, that his parents made appropriate arrangements for his return home, and that he had no issues with drugs or alcohol.

We begin by noting that petitioner offers no citation to the record to support his conclusion that the terrorist acts petition was dismissed after "it became apparent that [he] was not part of the terrorist plot." Instead, the record reflects that this charge was dismissed as part of a plea agreement. Moreover, petitioner cites to no law that would preclude the circuit court from considering all of the evidence adduced in petitioner's case.

We have noted that, while Rule 34 of the West Virginia Rules of Juvenile Procedure sets forth general guidelines for conducting a dispositional hearing, the rule does not specify the type of evidence that may be considered. *State v. J.S.*, 233 W.Va. 198, 208, 757 S.E.2d 622, 632 (2014). As a result, we have looked to the analogous criminal sentencing hearing, where we have acknowledged that "[a] trial court has wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed." *Id.* (citation omitted). Specifically, in the context of criminal sentencing hearings, we have cited approvingly the following:

> [T]he judge in determining the character and extent of punishment, is not limited to considering only information which would be admissible under the adversary circumstances of a trial. While it must exercise care to insure the accuracy of information considered and to shield itself from what might be the prejudicial effect of improper materials[,] . . . the court is not confined to the evidence showing guilt, for that issue has been settled by the plea. The rules of evidence which ordinarily obtain in a trial where guilt is denied do not bind the court in its inquiry. It may look to the facts of the (crime), and it may search anywhere, within reasonable bounds, for other facts which tend to aggravate or mitigate the offense. In doing so it may inquire into the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, the stimuli which motivate his conduct, and . . . the judge should know something of the life, family, occupation and record of the person about to be sentenced.

*State v. Houston*, 166 W.Va. 202, 207-08, 273 S.E.2d 375, 378 (1980) (internal quotations omitted) (citing *People v. Adkins*, 41 Ill.2d 297, 300-01, 242 N.E.2d 258, 260-61 (1968)).

Accordingly, we find no error in the circuit court's consideration of evidence concerning petitioner's involvement in terroristic acts. At the dispositional hearing, the circuit court took judicial notice of the testimony adduced relative to petitioner's alleged involvement in the terrorist plot, and this related to the facts of the crimes that brought petitioner before the circuit court in the first instance.

Petitioner also argues that the circuit court abused its discretion at disposition by failing to appropriately credit the positive factors listed above at his dispositional hearing. Although petitioner advocates for probation,

> [u]pon a finding that the best interests of the juvenile or the welfare of the public require it, and upon an adjudication of delinquency, the court may commit the juvenile to the custody of the Director of the Division of Juvenile Services for placement in a juvenile services facility for the treatment, instruction and rehabilitation of juveniles.

W.Va. Code § 49-4-714(b)(5)(A). In this case, the circuit court found that petitioner was "a threat to himself and to public safety" and that probation or home incarceration "would not be in his best interest." In reaching these conclusions, the circuit court noted that petitioner "threatened and planned to kill teachers and to disrupt school activities." Home incarceration was deemed improper for the additional reason that petitioner "threatened to kill his sister and parents that reside in the same residence." As a result, the circuit court found that petitioner was "in need of rehabilitative treatment that is best provided in a juvenile facility" and that there was "no lesser restrictive alternative." These findings permit placement in a juvenile services facility, as set forth in West Virginia Code § 49-4-714. Petitioner has not demonstrated that this dispositional decision is not supported by the evidence or wrong as a matter of law. *See In re Thomas L.*, 204 W.Va. at 503, 513 S.E.2d at 910. Accordingly, we find no abuse of discretion in the circuit court's dispositional decision.

For the foregoing reasons, the circuit court's May 5, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker