# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-0920**  (Morgan County 16-F-49)

**Jason C.,**
**Defendant Below, Petitioner**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason C.,[1] by counsel Jason M. Stedman, appeals the September 19, 2018, order of the Circuit Court of Morgan County that sentenced him to one to five years in prison upon his guilty plea to one count of sexual assault in the third degree. The State of West Virginia, by counsel Elizabeth Grant, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, petitioner was indicted by a Morgan County Grand Jury on one count of sexual assault in the first degree and one count of sexual abuse by a person in a position of trust. The victim was petitioner's nine-year-old niece. Petitioner was alleged to have pulled down the victim's pants, masturbated in front of her, and engaged in sexual intercourse with her.

Petitioner subsequently entered a guilty plea (under *Alford/Kennedy* circumstances[2]) to one count of sexual assault in the first degree. *See* W. Va. Code § 61-8B-7. At a sentencing hearing

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in syllabus point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require

1

conducted on September 19, 2018, petitioner requested a sentence of supervised probation. In imposing petitioner's sentence, and, in particular, denying his request for probation, the circuit court indicated that it reviewed the July 10, 2018, presentence investigation report and the psychological evaluation of sexual risk that was performed on July 6, 2018. *See* W. Va. Code § 61-12-2(e) (2006), in part (providing that "any person who has been found guilty of, or pleaded guilty to, a violation of . . . the provisions of . . . [§§ 61-8B-1 et seq.] . . . such person shall only be eligible for probation after undergoing a physical, mental and psychiatric study and diagnosis . . . ."). In the latter, it was reported that, in 2014, petitioner had been accused of sexual misconduct involving a ten-year-old child, which included the child performing oral sex on petitioner. According to a police report, petitioner denied the allegation but admitted that "he witnessed his friend watch the minor having sex with an 18-year-old in order 'to make sure he (the 18-year-old) didn't hurt her;' another person corroborated this report. [Petitioner] advised that he took a photograph of the minor sleeping with the 18-year-old boy." The circuit court specifically noted that the child victim involved in the prior incident ultimately recanted the allegation against petitioner. Nonetheless, at the sentencing hearing, the court expressed its concern "that there may have been a number of prior violations of the law with regard to sex offenses that just have not been prosecuted because victims aren't prepared to go through what they have to go through to come forward."

In addition to considering the prior allegation of sexual misconduct set forth in the court-ordered psychological evaluation, the circuit court stated that it also took into account petitioner's refusal to accept responsibility for his conduct even though "semen was found on the victim in this case and that semen matched this Defendant's genetic profile." Additionally, the court indicated that "[o]ne of the things [it] looks at in terms of determining whether somebody is a good candidate for probation is how they did on bond supervision. And in this case[,] [petitioner's] bond supervision was revoked for a fairly serious violation of the law." (While on bond supervision, petitioner admitted to smoking marijuana and snorting heroin.[3] He also tested positive for marijuana and opiates.) Finally, the circuit court considered the serious nature of the crime – that "this [c]ourt believes that crimes, sex crimes against children are perhaps the most serious that this [c]ourt has before it and this [c]ourt is just not going to tolerate that behavior in the community." Based upon these factors, the court denied petitioner's request for probation, and, instead, sentenced him to five to twenty-five years in prison and ordered that he serve a period of forty years of supervised release and register as a sex offender for life. It is from this sentencing order that petitioner now appeals.

Sentencing orders are reviewed "'under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, in part, *State v. James*, 227 W. Va. 407, 710 S.E.2d

a guilty plea and the record supports the conclusion that a jury could convict him."

[3]According to the presentence investigation report, during the pendency of this case, petitioner was indicted on two counts of possession with intent to deliver heroin. As a condition of the proffered plea in the present case, the indictment filed in that case (Case No. 18-F-4) was dismissed.

98 (2011). Moreover, this Court has held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner argues that the circuit court abused its discretion in denying his request for supervised probation. Although petitioner does not dispute that the sentence imposed is within the statutory parameters, he contends that the court impermissibly considered a prior allegation of sexual misconduct against a minor that was recanted and for which he was never charged. According to petitioner, the circuit court violated West Virginia Rule of Evidence 404(b), which prohibits the consideration of "other bad acts" for the purpose of determining a defendant's character and propensity to act in conformity therewith.[4]

We find no error. "'The decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion.' Syl. Pt. 2, *State v. Shafer,* 168 W.Va. 474, 284 S.E.2d 916 (1981)." Syl. Pt. 3, *State v. Shaw*, 208 W. Va. 426, 541 S.E.2d 21 (2000). As a threshold matter, we observe that petitioner's claim that the circuit court's consideration of a prior (and uncharged) allegation of sexual misconduct against petitioner violated Rule 404(b) is fundamentally flawed because "the Rules of Evidence do not apply to sentencing hearings[.]" *State v. Trail*, 236 W. Va. 167, 180 n.17, 778 S.E.2d 616, 629 n.17 (2015). Rule 1101(b)(3) specifically states that "[u]nless otherwise provided by rules of the Supreme Court of Appeals, these rules other than those with respect to privileges do not apply in the following situations: . . . [s]entencing . . . ." *See also State v. LaRock*, 196 W. Va. 294, 306 n.15, 470 S.E.2d 613, 625 n.15 (1996) (noting that "the West Virginia Rules of Evidence do not apply to sentencing matters and proceedings"). Thus, this Court is mindful that a sentencing judge "is not limited to considering only information which would be admissible under the adversary circumstances of trial . . . . The rules of evidence which ordinarily obtain in a trial where guilt is denied do not bind the court in its inquiry." *State v. Houston*, 166 W. Va. 202, 207-08, 273 S.E.2d 375, 378 (1980).

---

[4] West Virginia Rule of Evidence 404(b) provides as follows:

(b) *Crimes, Wrongs, or Other Acts*.
(1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) *Permitted Uses; Notice Required*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Any party seeking the admission of evidence pursuant to this subsection must:
(A) provide reasonable notice of the general nature and the specific and precise purpose for which the evidence is being offered by the party at trial; and
(B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

In this case, the circuit court was presented with factual findings in petitioner's psychological evaluation describing prior sexual misconduct involving petitioner and a minor. According to the evaluation (which was derived from a police report), although petitioner denied the allegation that a ten-year-old child performed oral sex on him, he admitted that he "witnessed his friend watch the minor having sex with an 18-year-old . . . . [and] that he took a photograph of the minor sleeping with the 18-year-old boy." Petitioner did not challenge the validity of this factual finding at the sentencing hearing. The circuit court considered this prior incident along with other factors—i.e., the seriousness of the crime, petitioner's bond violation, and his refusal to take responsibility despite the physical evidence against him—all of which the court deemed to be relevant as to whether probation was appropriate in this case. This Court has recognized that "'a defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions.'" *State ex rel. Winter v. MacQueen,* 161 W. Va. 30, 32-33, 239 S.E.2d 660, 661-62 (1977) (quoting *State v. Loy,* 146 W. Va. 308, 318, 119 S.E.2d 826, 832 (1961)). Given all of the above, we conclude that the circuit court did not abuse its discretion in determining that petitioner's request for probation should be denied.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4